**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

**Case Style: Mildred W. Anderson et al v. Pactiv Corporation et al**

**Case Number:   2:06-cv-00739-LES**

**Referenced Pleading:   Notice of Removal - Doc. 1**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 AUG 16  A 11: 38

MILDRED W. ANDERSON, et al., P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiffs,              ) Civil Action No. 
                         ) 2:06CV739 - SRW
v.                       )
                         )
PACTIV CORPORATION and   ) (Removed from the Circuit Court
LOUISIANA-PACIFIC CORPORATION, ) of Covington County, Alabama,
                         ) formerly Civ. Action No. CV-06-155)
       Defendants.       )

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Pursuant to U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants Pactiv Corporation ("Pactiv") and Louisiana-Pacific Corporation (Louisiana-Pacific") hereby jointly give notice of removal of this action from the Circuit Court of Covington County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. Reserving any and all rights, objections, defenses and exceptions, to the complaint to the extent required, Pactiv and Louisiana-Pacific state the following grounds for removal.

## BACKGROUND

1.

Plaintiffs filed suit on August 3, 2006 in the Circuit Court of Covington County, State of Alabama, said action being designated as Civil Action File No. CV-06-155 ("Circuit Court Action"). The entire state file consists solely of a complaint – attached hereto as Exhibit A – because service of process was accepted by counsel.

LEGAL02/30037884v4


SCANNED
C# 81706

2.

Pactiv and Louisiana-Pacific remove this case based on diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).

3.

Plaintiffs claim damages allegedly resulting from the release of chemicals by Defendants during their operation of a wood treatment facility in Lockhart, Alabama (the "Facility"). Plaintiffs assert causes of action for negligence, recklessness, negligence per se, intentional tort, negligent failure to train and supervise, products liability, failure to warn, and nuisance.

4.

There is complete diversity between the Plaintiffs and both Defendants, and the amount in controversy between each Plaintiff and Defendants exceeds $75,000.

5.

Because facility operations ceased no later than 1999 (Pactiv's no later than 1983), Plaintiffs' claims against Defendants are barred under Alabama law based upon either the two-year Statute of Limitation period of Ala. Code § 6-2-38, or the six-year Statute of Limitation period of Ala. Code § 6-2-34, and Alabama's "first injury rule" for accrual of claims. Alabama does not follow a "discovery rule" for accrual. *See, e.g., Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001); *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220 (Ala. 1983).

6.

Yet, Plaintiffs allege that they "did not know and reasonably had to knowledge or way of ascertaining that their disease was caused by toxic chemicals originating from Defendants' wood treatment facility until a time period within two years of the date of filing this complaint." Complaint ¶ 123. Therefore, Plaintiffs rely upon Section 9658 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* to graft a federal "discovery rule" to save their claims that would be untimely under state law alone. Therefore it is readily apparent that Section 9658 of CERCLA presents a substantial and disputed federal question at the very heart of Plaintiffs' claims.

7.

The same Plaintiffs' counsel, in ten separate cases involving substantially the same factual allegations and causes of action as the above-styled action, have expressly asserted in support of ten separate responses to these Defendants' motions to dismiss that "[t]he federally required commencement date mandated by CERCLA, Section 309, clearly applies to state law claims arising out of exposures to hazardous substances released from a wood treatment facility." Plaintiffs' Response to Defendants' Motion to Dismiss ("Pl. Resp. Mot. Dismiss"), p. 5, *Chambers v. Pactiv Corp.*, Civ. Action No. 2:06-CV-83-WKW [Doc. 21-1]; Pl. Resp. Mot. Dismiss, p. 5, *Cravey v. Pactiv Corp.*, Civ. Action No. 2:06-CV-191-WKW [Doc. 22-16]; Pl. Resp. Mot. Dismiss, p. 5, *Davis v. Pactiv Corp.*, Civ. Action No. 2:06-CV-187-WKW [Doc. 22-24]; Pl. Resp. Mot. Dismiss, p. 5, *Douglas v. Pactiv Corp.*, Civ. Action No. 2:06-CV-188-WKW [Doc. 22-1]; Pl. Resp. Mot. Dismiss, p. 5, *Edwards v. Pactiv Corp.*, Civ. Action No. 2:06-CV-86-WKW

LEGAL02/30037884v4

[Doc. 23-1]; Pl. Resp. Mot. Dismiss, p. 5, *Kelley v. Pactiv Corp.*, Civ. Action No. 2:06-CV-190-WKW [Doc. 19-1]; Pl. Resp. Mot. Dismiss, p. 5, *Madden v. Pactiv Corp.*, Civ. Action No. 2:06-CV-186-WKW [Doc. 20-16]; Pl. Resp. Mot. Dismiss, p. 5, *Phillips v. Pactiv Corp.*, Civ. Action No. 2:06-CV-84-WKW [Doc. 21-16]; Pl. Resp. Mot. Dismiss, p. 5, *Sarah K. Thompson v. Pactiv Corp.*, Civ. Action No. 2:06-CV-189-WKW [Doc. 19-16]; Pl. Resp. Mot. Dismiss, p. 5, *Lorrine Thompson v. Pactiv Corp.*, Civ. Action No. 2:06-CV-189-WKW [Doc. 24-16].

8.

The federal law Plaintiffs invoked in support of the aforementioned responses to Defendants' motions to dismiss is CERCLA, specifically Section 9658, which imposes a federal "discovery rule" for commencement of the running of a state statute of limitations in "any action brought under state law for personal injury…which [is] caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant released into the environment from a facility" if state law otherwise establishes an earlier commencement date. 42 U.S.C. § 9658(a)(1).

9.

As shown in previous cases filed by this Plaintiffs' counsel, the assertion that Section 9658 governs the statutes of limitation applicable to the claims in this case raises a substantial question of disputed federal law, thus giving this Court federal question jurisdiction over Plaintiffs' claims. *See, e.g. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363 (2005). The application and constitutionality of Section 9658, which are both dispositive of Plaintiffs' claims, are appropriately resolved in a federal forum.

10.

Plaintiffs' explicit reliance on Section 9658 also triggers federal jurisdiction under 42 U.S.C. § 9613(b). Section 9613(b) gives United States district courts "exclusive original jurisdiction over all controversies arising under" CERCLA's provisions. Thus, the plain statutory language of Section 9613(b) gives this Court jurisdiction over this case.

## DIVERSITY JURISDICTION

11.

This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). There is complete diversity between the Plaintiffs and the Defendants. Further, the amount in controversy between each Plaintiff and the Defendants exceeds $75,000.

12.

Upon information and belief, Plaintiffs are and were citizens of the State of Alabama both at the time of the commencement of this action and at the time of removal. *See* Complaint, ¶ 1.

13.

Pactiv is and was a Delaware corporation with its principal place of business in Illinois both at the time that the suit was filed and at the time of removal.

14.

Louisiana-Pacific is and was a Delaware corporation with its principal place of business in Tennessee both at the time that suit was filed and at the time of removal.

15.

Complete diversity of citizenship in this action exists under 28 U.S.C. § 1332(a). because Plaintiffs are citizens of the State of Alabama and Defendants are citizens of Delaware, Illinois, and Tennessee.

**AMOUNT IN CONTROVERSY**

16.

The amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiffs assert that they have suffered "pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and which will probably contribute to their death." Complaint, ¶ 120.

17.

Plaintiffs also assert that their homes and properties were contaminated by hazardous substances that "Defendants caused or allowed to be deposited in and upon Plaintiffs' homes and real property," thus causing such property to decrease in value. Complaint, ¶ 121. As a result, Plaintiffs seek to require "Defendants to remediate the facility, surrounding area, groundwater and Plaintiffs' homes." Complaint, ¶ 135.

18.

Moreover, Plaintiffs seek recovery of punitive damages. Complaint, ¶¶ 147, 164.

19.

Although the Complaint does not identify a specific amount in controversy, the nature of Plaintiffs' claims and alleged damages unequivocally demonstrate that the

amount in controversy exceeds the jurisdictional threshold. Defendant may show that Plaintiffs' claims meet the amount in controversy if "it is facially apparent" from the Complaint that Plaintiffs' claims satisfy the required amount. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

20.

Here, Plaintiffs seek damages exceeding the jurisdictional minimum as to each individual Plaintiff on the face of the Complaint, particularly inasmuch as Plaintiffs seek punitive damages and to require Defendants to remediate the facility, surrounding area, groundwater and Plaintiffs' homes. (Complaint, pp. 35-36); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1417 (M.D. Ala. 1986).

21.

The allegations and claims against Louisiana-Pacific and Pactiv in Plaintiffs' Complaint are virtually identical to the claims and allegations in a related complaint filed July 24, 2006 and amended July 25, 2006 in the U.S. District Court, Middle District of Alabama, by the same Plaintiffs' counsel. *See Adams v. Pactiv Corp.*, Civ. Action No. 2:06-CV-00660-WKW ("Middle District Complaints"). Ten other cases with similar allegations were also filed by the same Plaintiffs' counsel against Louisiana-Pacific and Pactiv, and have been pending in the Middle District of Alabama since January and February 2006.

22.

The original and amended Middle District Complaints each allege that the amount in controversy exceeds the $75,000 minimum requirement of 28 U.S.C. § 1332.

LEGAL02/30037884v4

# FEDERAL QUESTION JURISDICTION

## Federal Question Jurisdiction Exists Because Plaintiffs' Reliance on Section 9658 Raises a Substantial Question of Federal Law

23.

This Court has jurisdiction over Plaintiffs' state law claims because Plaintiffs assert that the viability of those claims necessarily turns on the construction of a federal statute, Section 9658. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1201-02 (M.D. Fla. 2006); *Mitchell v. Osceola Farms Co*, 408 F. Supp. 2d 1275, 1278-80 (S.D. Fla. 2005). Indeed, federal question jurisdiction exists if a "right set up by [a] party may be defeated by one construction of a … law of the United States, and sustained by the opposite construction." *Ayres*, 234 F.3d at 519.

24.

Plaintiffs' reliance on Section 9658 creates a substantial federal question. Federal courts roundly recognize Section 9658's potentially dispositive effect on state law claims. *See, e.g., LaBauve v. Olin Corp.*, 231 F.R.D. 632, 658-659 (S.D. Ala. 2005). Absent application of Section 9658, the applicable Alabama statute of limitations and/or rule of repose bar Plaintiffs' claims. Thus, Plaintiffs' reliance upon Section 9658 raises a federal question that may determine the viability of the entire Complaint. *See, e.g., Hill v. Bellsouth Telecomms., Inc.*, 364 F.3d 1308, 1312-17 (11th Cir. 2004).

**The Application of Section 9658 Is Squarely in Dispute.**

25.

Defendants squarely dispute the applicability of Section 9658 to Plaintiffs' claims.

26.

First, courts have held that Section 9658 does not apply in cases where there is no underlying CERCLA cause of action. *See, e.g., Knox v. AC & S, Inc.,* 690 F.Supp. 752, 758 (S.D. Ind. 1988)(Section 9658 is "limited to application in the situation where a state cause of action exists in conjunction with a CERCLA cause of action."). *See also Becton v. Rhone-Poulenc, Inc.,* 706 So. 2d 1134, 1137 (Ala. 1997).

27.

Plaintiffs' Complaint does not assert a CERCLA cause of action. Thus, there is no existing CERCLA claim in this case.

28.

Plaintiffs' Complaint does not allege that Plaintiffs have undertaken any remediation of any property, or otherwise incurred or been held liable for any CERCLA response costs. Thus, Plaintiffs have no potential CERCLA claim against Defendants. *See* 42 U.S.C. §§ 9607(a); 9613(f).

29.

While the vague exposure allegations in Plaintiffs Complaint make it difficult to ascertain, additional factors preclude application of Section 9658 to some or all of Plaintiffs' claims. Without limitation, Defendants note that because Section 9658 does not apply to injuries caused by consumer products, it cannot save Plaintiffs' AMELD

causes of action. *See, e.g. Elec. Power Bd. of Chattanooga v. Westinghouse Elec. Corp.*, 716 F.Supp. 1069, 1081 (E.D.Tenn. 1988). Similarly and without limitation, Defendants further note that Section 9658 does not apply in workplace settings; some or all of Plaintiffs' claims may be barred to the extent Plaintiffs' alleged injuries arose as a result of chemical exposures at the Lockhart facility. *See, e.g., Covalt v. Carey Canada, Inc.*, 860 F.2d 1434, 1439 (7th Cir. 1988).

**The Constitutionality of Section 9658 Is Also Squarely in Dispute.**

30.

Defendants respectfully submit that Section 9658 is an unconstitutional exercise of legislative power.

31.

Without limitation, Section 9658 exceeds the scope of permissible Congressional power under the Commerce Clause. The Commerce Clause vests Congress with the power to "regulate Commerce…between the several States." U.S. Const., Art. I, §8, cl. 3. This power extends only to laws regulating the channels of interstate commerce, the instrumentalities of interstate commerce, and activities that substantially effect interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 559-563 (1995).

32.

Also without limitation, Section 9658 violates the Tenth Amendment of the United States Constitution. The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Section 9658 impermissibly

"commandeer[s]" Alabama's legislative and executive functions, forcing Alabama to adopt and enforce a different commencement date for the running of Alabama's statutes of limitations. *See, e.g. Hodel v. Virginia Surface Mining & Reclamation Ass'n.*, 452 U.S. 264, at 288 (1981).

33.

Indeed, courts have recognized that Section 9658's ability to preserve state law claims otherwise barred by state statutes of limitation may impermissibly clash with well-established principles of federalism. *See, e.g., Becton v. Rhone Poulenc, Inc.*, 706 So. 2d 1134, 1142 (Ala. 1997).

**Federal Jurisdiction is Proper Because There is a Substantial Federal Interest in Resolving CERCLA Issues in This Court.**

34.

Federal question jurisdiction is also appropriate because there is a substantial federal interest in having CERCLA issues decided in a federal forum, including without limitation uniformity, consistency, and the experience of the federal bench. *See Grable*, 125 S.Ct. at 2370-2371; *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996).

35.

A "uniquely" federal interest, uniform application of Section 9658, is at stake here, and requires a federal court for proper resolution. *See, e.g. McMahon*, 410 F. Supp. 2d at 1201. Different applications and interpretations of a federal statute by state courts

could "undermine the stability and efficiency of a federal statutory regime… justifying the exercise of jurisdiction by federal courts." *Ormet*, 98 F.3d at 807.

36.

Given Plaintiffs' reliance on Section 9658 and the substantial federal interest in having a federal court interpret federal law, this Court should not "shirk from federal jurisdiction over the dispositive and contested federal issue" Plaintiffs place at the heart of their state law tort claims. *Grable*, 125 S.Ct. at 2371.

**Federal Question Jurisdiction Also Exists Because Section 9613(b) Establishes Exclusive Original Jurisdiction Over CERCLA Controversies.**

37.

Federal question jurisdiction also exists because Congress granted the federal courts "exclusive original jurisdiction over all controversies arising under" CERCLA (unless specifically excluded by section 113(h)). 42 U.S.C. §§ 9613(b), (h). *See Alabama v. EPA*, 871 F.2d 1548, 1556-57 (11th Cir. 1989). This includes controversies arising under Section 9658. *See* 42 U.S.C. §§9613(b), (h).

38.

Plaintiffs' reliance on Section 9658 therefore triggered the exclusive original jurisdiction of this Court.

**REMOVAL IS PROPER**

39.

The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district embracing the Circuit Court for Covington

County, Alabama, where the suit was originally filed. *See* 28 U.S.C. § 98(a). Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

40.

As noted above, Plaintiffs filed their Complaint in this matter on August 3, 2006. Therefore, this notice of removal is timely filed. *See* 28 U.S.C. § 1446(b).

41.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1332(a) and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

42.

Pursuant to 28 U.S.C. § 1446(a), Defendants Pactiv and Louisiana-Pacific state that neither has been served in this matter. For the Court's convenience, a copy of Plaintiffs' Complaint is attached.

43.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the original Notice of Removal will be served promptly upon Plaintiffs and filed with the Clerk of the Circuit Court for Covington County, Alabama.

WHEREFORE, Pactiv and Louisiana-Pacific pray that their Notice of Removal be deemed good and sufficient.

Respectfully submitted this 16th day of August, 2006.

/s/ Dennis Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel: (334) 206-3100
Fax: (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)


ADDITIONAL COUNSEL:

Bernard Taylor
Douglas S. Arnold
Orlyn O. Lockard, III
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

LEGAL02/30037884v4

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee 37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

*John A. Earnhard by DHB w/ permission*

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhard
Alabama Bar No. EAR006
Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
191 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com


ADDITIONAL COUNSEL:

John C. Berghoff, Jr.
Mark A. TerMolen
Matthew C. Sostrin
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

16

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MILDRED W. ANDERSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | _____ |
| v. | ) | |
| | ) | |
| PACTIV CORPORATION and | ) | (Removed from the Circuit Court |
| LOUISIANA-PACIFIC CORPORATION, | ) | of Covington County, Alabama, |
| | ) | formerly Civ. Action No. CV-06-155) |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon all counsel of record a copy of the within and foregoing **NOTICE OF REMOVAL** by causing a copy of same to be deposited in the United States Mail, postage prepaid, and properly addressed as follows:

W. Eason Mitchell
The Colom Law Firm, LLC
Post Office Box 866
Columbus, Mississippi 39703-0866

Gregory A. Cade
Environmental Litigation Group
3529 Seventh Avenue South
Birmingham, Alabama 35222

*Attorneys for Plaintiffs*

This __16__ day of August, 2006.

_____
Dennis R. Bailey

*[signature]*
H. Thomas Wells, Jr.
Bar Number: WEL004
twells@maynardcooper.com

John A. Earnhardt
Bar Number: EAR006
jearnhardt@maynardcooper.com

Attorneys for Defendant
*Pactiv Corporation*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999